OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question not be answered as unnecessary.
 

 Petitioner — the owner of a previously rent controlled apartment — served, by mail, a DC-2 notice on the first rent-stabilized tenant in occupancy, informing the tenant of its right to file a Fair Market Rent Appeal. When the tenant thereafter filed such an appeal, petitioner challenged it on timeliness grounds, arguing that the former Code of the Rent Stabilization Association of New York City, Inc., required that the appeal be filed within 90 days of the tenant’s receipt of the DC-2 notice even though the notice was not served by certified mail. The New York State Division of Housing and Commu
 
 *836
 
 nity Renewal (DHCR) ultimately rejected this contention. Petitioner contends that it erred in doing so. We disagree. Section 26 (A) of the former Code provides that the owner of a previously rent-controlled apartment "shall” serve a DC-2 notice upon the first rent-stabilized tenant in occupancy
 
 "by certified mail”
 
 (emphasis supplied). Section 25 (B) then provides that the tenant must file its Fair Market Rent Appeal "within ninety (90) days after [it] receives the [DC-2 notice]
 
 as required by Section 26 (A)”
 
 (emphasis supplied). DHCR interpreted these provisions as requiring that the owner serve the DC-2 notice
 
 by certified mail
 
 before the 90-day limitation period for filing^. Fair Market Rent Appeal commences to run. Inasmuch as this interpretation is neither unreasonable nor irrational, there is no basis for disturbing it
 
 (see, Matter of Salvati v Eimicke, 72
 
 NY2d 784, 791).
 

 We have examined petitioner’s remaining contentions and find them to be without merit.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in a memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, etc.