■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED PACCIONE, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J.), rendered October 29, 1990, convicting defendant, after a nonjury trial, of promoting gambling in the first degree, possession of gambling records in the first degree, and possession of a gambling device, and sentencing him to a fine of $5,000 and an unconditional discharge for the promoting gambling conviction, unconditional discharges as to the remaining two convictions, affirmed.

As we determined on codefendant Rossi's appeal, the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt *(People v Rossi,* 177 AD2d 303, *lv granted* 79 NY2d 834). Nor is there merit to defendant's assertion that he was denied his right to a speedy trial pursuant to CPL 30.30

(1) (a). The People timely filed a certificate of readiness, and the alleged post-readiness failure to comply with a discovery request did not establish a valid basis for the speedy trial motion *(People v Anderson,* 66 NY2d 529; *People v Lomax,* 50 NY2d 351, 357-358).* Concur—Carro, Wallach, Ross and Rubin, JJ.

Murphy, P. J., dissents in a memorandum as follows: I would reverse the judgment and dismiss the indictment. The evidence presented by the People, amounting to no more than defendant's presence in a gambling "wire room," is insufficient as a matter of law to establish defendant's guilt beyond a reasonable doubt.

I agree with the positions taken by Justices Smith and Milonas in the dissenting opinion in appellant's codefendant's appeal *(see, People v Rossi,* 177 AD2d 303, 308 [Smith, J., dissenting], *lv granted* 79 NY2d 834).

Appellant's arguments on appeal mirror those presented by his codefendant, James Rossi. The only difference is that the codefendant Rossi was arrested in the hallway of the building, without a warrant. Rossi was then taken in custody to the wire room, for which the police officers had a search warrant.

Appellant was then arrested. Appellant was on the telephone when the officers entered the room, but there is no evidence of what he was saying or to whom.

The officers seized a large quantity of betting slips, tally sheets and line sheets, with handwritten notations, and other gambling paraphernalia. The telephones were linked to cassette recorders, and there were piles of handwritten betting slips in front of each telephone. If any of this evidence had implicated the defendant, it would surely have been presented against him at trial. As it was, however, the only evidence adduced indicated simply that he had been present at a place where illegal gambling transpired. There was no evidence presented at trial linking a handwriting sample of appellant to handwriting on the betting slips. There was no voice identification evidence presented linking appellant to any cassettes with recorded bets.