OPINION OF THE COURT
Marc Finkelstein, J.
In this summary nonpayment proceeding a stipulation of settlement was entered into on July 6, 1994. Respondent now moves to stay and/or modify the payment terms of the stipulation based upon petitioner’s failure to provide proper rent documentation. Petitioner opposes the motion and cross-moves for entry of a final judgment based upon respondent’s failure to pay arrears under the stipulation.
Respondent interposed an affirmative defense and counterclaim for rent overcharge. Her apartment first became subject to rent stabilization in 1992. She is the second stabilized tenant. The stipulation provides that petitioner’s counsel forward to respondent’s counsel by July 11 "proof of service of initial apartment registration on initial tenant.” Respondent’s agreement to pay $3,150 by August 22, 1994 (six months at the $525 per month claimed in the petition) is expressly conditioned upon receipt of the proof of service.
On July 7, respondent’s counsel received a document relating to service of the initial registration. It is a one-sentence *302 statement purportedly signed by the initial stabilized tenant and dated "4/21/93.” It is typed on Kay Management Group stationery and states in full: "I, Pauline Brooks, residing at 194 Utica Avenue, Apt. ID [the subject apartment], Brooklyn, N.Y. 11221 acknowledge receipt of the initial rent registration.”
The parties sharply disagree as to whether this document evidences proper and sufficient proof of service of the initial apartment registration. As a result, the arrears were not paid pursuant to the stipulation. On August 23, 1994 respondent moved for an order directing petitioner to provide proper proof of service of an initial registration; staying enforcement of the payment provision of the stipulation unless and until such proof is provided, and, in the absence of such proof, modifying the amount of monthly arrears to the last rent under rent control. On August 26, 1994 petitioner cross-moved for entry of a final judgment on the grounds that it had timely provided proof of service of the initial registration and respondent had not correspondingly paid the arrears. Additionally, petitioner seeks sanctions, claiming respondent’s motion is frivolous because the proof of service provided is clearly sufficient and because respondent’s motion was not made until six weeks after the faxing of the proof of service and one day after the $3,150 was due.
Petitioner’s position is that the signed document, by itself, establishes that there was personal delivery of the initial rent registration to the initial rent-stabilized tenant, and, further, that personal delivery is an acceptable method of service under the Rent Stabilization Code (RSC). Respondent’s position is that only certified mail delivery of the registration is permissible service under the RSC and, even if personal delivery were permissible, the document alone is improper and insufficient proof of such service.
The question before the court is threefold: (1) does personal delivery of the initial rent registration to the initial tenant constitute proper service under the RSC; (2) if so, does the acknowledgment of receipt herein, by itself, constitute proper and sufficient proof of such personal service; (3) if either personal delivery is improper or proof of service is insufficient, or both, what is the effect, if any, on respondent’s rent.
RSC (9 NYCRR) § 2528.1 provides: "Each housing accommodation subject to the RSL on April 1, 1984, or thereafter, and not exempted from registration by the DHCR, shall be regis *303 tered by the owner thereof with the DHCR within 90 days after such date.”
RSC § 2523.1, entitled "Notice of initial legal registered rent”, requires that: "Every owner of housing accommodations previously subject to the City Rent Law [Rent Control] and thereafter rented to a tenant on or after April 1, 1984, shall within 90 days after the housing accommodations become subject to the RSL, give notice in writing by certified mail to the tenant of each such housing accommodation on a form prescribed by the DHCR for that purpose, reciting the initial legal registered rent for the housing accommodation and the tenant’s right to file an application for adjustment of the initial legal registered rent within 90 days of the certified mailing to the tenant * * * pursuant to section 2522.3 of this Title [Fair Market Rent Appeal, hereinafter FMRA].” (Emphasis supplied.)
RSC § 2528.2 (d) further specifies: "One copy of the Initial Apartment Registration form which pertains to the tenant’s housing accommodation shall be sent by the owner to the tenant by certified mail. Service of such form pursuant to this subdivision together with the Notice of Initial Legal Registered Rent shall constitute proper service of such Notice of Initial Legal Registered Rent under section 2523.1 of this Title.” (Emphasis supplied.)
Thus, within 90 days after an apartment becomes subject to rent stabilization, the RSC requires registration with the Department of Housing and Community Renewal (DHCR), as well as certified mail service upon the tenant of notice of both the initial legal registered rent and the tenant’s right to file a FMRA of said initial registered rent.[1] Clearly, the only method of service mentioned in the RSC for delivery of the notice of initial legal registered rent is certified mail service. Nevertheless, petitioner argues that since personal delivery is a higher form of service than delivery by certified mail, it is an acceptable method of service.
Each party cites two cases and one DHCR document to buttress opposite conclusions and neither discusses the other’s authorities. Respondent relies upon two Appellate Division, First Department cases (Matter of Alcoma Corp. v New York State Div. of Hous. & Community Renewal, 170 AD2d 324, affd 79 NY2d 834 [1992]; Matter of McKenzie v Mirabal, 155 AD2d *304 194 [1990]) and the DHCR instructions for initial rent registration, for the proposition that service of the initial registration is not proper unless accomplished by certified mail. In support of its position that personal delivery of the initial registration is acceptable, petitioner relies upon two Supreme Court, New York County cases (Parcel 242 Realty v New York State Div. of Hous. & Community Renewal, NYLJ, Apr. 27, 1994, at 22, col 5; Mautner-Glick Corp. v New York State Div. of Hous. & Community Renewal, NYLJ, Apr. 12, 1988, at 13, col 2) and DHCR Policy Statement 92-3.
Neither Appellate Division, First Department case cited by respondent specifically reaches the issue of whether personal delivery, as a superior method of service, constitutes effective service. In Alcoma v New York State Div. of Hous. & Community Renewal (supra) the DC-2 notice was not sent to the tenant via certified mail but rather by regular mail, with a certificate of mailing. The tenant had received the notice and had not filed the FMRA within the 90-day time period. Nevertheless, it was held that the statute requiring certified mail service is "unambiguous, and it [was] undisputed that petitioner failed to properly serve the DC-2 Notice upon the tenant and thus, the tenant’s FMRA was not untimely.” (170 AD2d, at 325). In Alcoma, the Supreme Court (Arber, J.), Appellate Division and Court of Appeals affirmed DHCR’s strict adherence to the Code’s service by certified mail rule. However, it is noted that the case involved a lower or inferior method of service than that required by the RSC, not a higher or superior method of service such as the personal delivery alleged herein.
In McKenzie v Mirabal (supra) the initial rent-stabilized tenant received no notice at all of the initial stabilized rent or of his right to make a FMRA. He learned of his FMRA rights, and filed a FMRA application, by some means other than those mandated by law. While the FMRA was pending, the landlord commenced a Civil Court action for unpaid rent. The tenant then vacated and the second rent-stabilized tenants took occupancy. After the initial tenant had been out of possession for almost a year, he discontinued his FMRA in return for which the landlord terminated the Civil Court action and paid him $4,000. After that, the second rent-stabilized tenants filed a FMRA.
The Court found that the second tenants’ FMRA was not untimely despite the first tenant having filed a FMRA. It held: "the express provisions of the laws now under consideration *305 and public policy require a per se rule in cases such as this that unless and until the mandatory notices are duly served, the tenant’s time in which to file a fair market rent appeal does not start to run, regardless of how much time elapses * * * We decline to make a farce of the relevant legislative enactments regarding notice by allowing, nay, rewarding, landlords for ignoring and circumventing these mandates” (supra, 155 AD2d, at 201). The language in McKenzie is strong, and for good reason, given that there was no service at all of the requisite notices. Again, however, the case did not address superior personal delivery service, as alleged in the case at bar.
Respondent is also correct in pointing out that the DHCR instructions for serving the RR-1 on the tenant state that "in all cases delivery must be via certified mail.” However, these instructions track the RSC language as to certified mail service cited above. They do not indicate if the superior method of personal service would also be sufficient.
In contrast, both Supreme Court, New York County cases, as well as the DHCR policy statement cited by petitioner, specifically address the issue of personal delivery of the initial rent registration. Parcel 242 Realty v New York State Div. of Hous. & Community Renewal (supra), a 1994 decision, involves a FMRA. DHCR had rejected the landlord’s data on rents for similar apartments in other buildings it owned because the RR-l/DC-2’s for the comparable apartments were personally delivered rather than served by certified mail. The court held that "DHCR also erred when it ruled that personal delivery of the RR-1/DC-2 is improper service” (supra, at 23, col 1). The court went on to find that "it is the DHCR’s own rule and common sense to accept a higher form of service (personal delivery) over service by mail” (at 23, col 2).
The court refers to DHCR Policy Statement 92-3, which provides: " 'For initial registrations completed on or after May 1, 1987, the Code requires service by certified mail. Therefore, the only acceptable proof of service is a date-stamped Post Office receipt for the certified mailing to the tenant of the registration form. However, the original of the tenant’s signed receipt acknowledging hand delivery of the form will also be accepted’ ” (supra, at 23, col 2 [emphasis supplied]). The court in Parcel 242 Realty (supra) concluded: "The act of rejecting the written acknowledgment of receipt of personal delivery as proof of service of an RR-l/DC-2 for the comparable apartments submitted by the owner, as was done by the *306 DHCR here and as was defended by counsel in this proceeding, is not sustainable and inexplicable in light of its own regulations” (supra, at 23, col 2).
Mautner-Glick Corp. v New York State Div. of Hous. & Community Renewal (supra) involves the vacancy decontrol of an apartment and a subsequent FMRA filed by the second stabilized tenants. The landlord contended that the second tenants had no standing to contest the rent because the first stabilized tenants were given a DC-2 notice and did not file a FMRA within 90 days. In support of service of the DC-2 on the initial tenants, the landlord submitted an affidavit of an employee, dated some 2>Vi years after the initial tenants took occupancy and some 2 Yi years after they vacated. The affidavit attested to the landlord’s ordinary business practice of personally delivering a DC-2 notice to tenants upon execution of a lease. The employee further stated that it was her duty to present new tenants with their leases for execution and she therefore presented the initial stabilized tenants with their lease and DC-2 notice. In response, the second stabilized tenants submitted a letter and affidavit from the initial tenants stating that no DC-2 was ever sent to them and no DC-2 was ever received from the landlord.
The landlord in Mautner-Glick (supra) argued that since there were conflicting statements by its employee and the initial tenants, DHCR acted arbitrarily in rendering a determination against the landlord without conducting an evidentiary hearing on the question of service of the DC-2 notice. DHCR’s position was that even if personal service was assumed to have been made, the notice was improperly served, as a matter of law, because the Rent Stabilization Law (RSL) and RSC require service to be made by certified mail. The court stated that the issue presented was "straightforward” (and identical to the issue presented herein): "Does personal delivery constitute effective service pursuant to a notice provision which specifies service by certified mail?” (Supra, at 13, col 2.)
The court held that "While personal delivery would normally be regarded as a superior method of service when attested to by the contemporaneous affidavit of the person effecting service, its absence constitutes a fatal defect.” (Supra, at 13, col 3.) For a number of reasons the court found that the affidavit of the employee fell far short of the requisite proof of service called for in CPLR 306 (a) and (b). DHCR’s determination without an evidentiary hearing was upheld since without *307 compliance with the CPLR personal service requirements, the landlord could not proceed to a traverse and, therefore, there was no necessity for a hearing before the agency. While the court indicated that the question of whether personal service pursuant to CPLR 308 (1) is sufficient to meet the service requirements under the RSL and RSC was not before it, it nevertheless concluded that "in the absence of some compelling reason to require strict adherence to the statute, there would seem to be no reason to disallow personal delivery” (supra, at 13, col 3).
Based upon the foregoing, this court finds that properly documented personal delivery constitutes effective service pursuant to the Code notice provisions.
Having determined that personal delivery is acceptable, this court must now determine whether petitioner has provided respondent with proper and sufficient documentation of personal delivery service of the initial apartment registration on the initial tenant. As indicated at the outset, the only proof of service petitioner offered to respondent and in its motion papers and at oral argument is the one-sentence statement allegedly signed by the initial stabilized tenant. Again, it is dated April 21, 1993 and states in full: "I, Pauline Brooks, residing at 194 Utica Avenue, Apt. ID, Brooklyn, N.Y. 11221 acknowledge receipt of the initial rent registration.” Thus, the court has only this one document to scrutinize.
For the following reasons, the court finds that proper and sufficient proof of personal delivery service on the initial stabilized tenant has not been presented by petitioner. In Mautner-Glick Corp. v New York State Div. of Hous.& Community Renewal (supra) the court would have allowed superior personal delivery service had such service been "attested to by the contemporaneous affidavit of the person effecting service” (supra, at 13, col 3). No such affidavit has been presented in this case.
Citing DHCR Policy Statement 92-3 and common sense, Parcel 242 Realty v New York State Div. of Hous. & Community Renewal (supra) found that acceptable proof of personal delivery service could also be " 'the original of the tenant’s signed receipt acknowledging hand delivery of the [initial registration] form’ ” (supra, at 23, col 2). Petitioner has not substantiated that the purported acknowledgment of receipt, by itself, constitutes an original contemporaneously signed receipt from the initial tenant acknowledging hand delivery, as required by Parcel 242 Realty.
*308 The court has examined the signed acknowledgment of receipt carefully. The document’s reliability is questionable. In addition to the lack of an affidavit by the person effecting service, the tenant’s purported acknowledgment is unsworn. No affidavit or testimony from the initial tenant was offered. Moreover, the document does not acknowledge hand delivery of the registration form. Rather, it merely acknowledges receipt of the form. Receipt may have been by hand delivery, but it may also have been by regular mail, electronic means, delivery to another person, conspicuous placement, or other means of delivery.
Furthermore, it is unclear whether the written acknowledgment of receipt is contemporaneous with the actual receipt. There is no specific indication that actual receipt was on the date written on the bottom of the acknowledgment. This distinction is significant as it was indicated that the initial tenant took occupancy sometime in 1992. As the acknowledgment is dated April 21, 1993, if it was contemporaneous with hand delivery of the registration form, then regardless of when in 1992 the initial tenant took occupancy, she could not have been served with the notice within the 90-day period required by RSC § 2523.1. Conversely, if the acknowledgment of receipt was not contemporaneous with the actual receipt, then the acknowledgment does not constitute proper and sufficient proof of service pursuant to Parcel 242 Realty (supra).
In addition, the court finds a number of irregularities on the face of the acknowledgment, which also make it suspect as the one and only document offered by petitioner to substantiate contemporaneous hand delivery. On the original requested by the court, there are two initials written and circled above the date appearing below the tenant’s signature. On the copy of the acknowledgment faxed to respondent’s counsel, the initials and circle do not exist.[2] Moreover, both the petition herein and post office records indicate that the subject address, 194 Utica Avenue, is within zip code 11213. Yet the acknowledgment purportedly signed by the initial tenant indicates the wrong zip code, "11221.”[3]
*309 Accordingly, while the court finds that personal delivery of the initial registration is acceptable service, it finds that at this point petitioner has failed to offer sufficient proof of personal delivery to the initial stabilized tenant. Therefore, that portion of respondent’s motion seeking an order directing petitioner to provide such proof is granted. In this regard, a hearing will be held on November 9, 1994 at 9:30 a.m. (in room 503). Petitioner is to present any additional evidence on the issue of whether personal delivery of the notice of initial legal registered rent was actually and properly effectuated.
Further, that portion of respondent’s motion which seeks a stay of the payment of arrears under the July 6 stipulation is granted pending the above hearing. Accordingly, that portion of petitioner’s cross motion, which presently requests entry of a final judgment for arrears under the terms of the stipulation, is denied, with leave to renew if appropriate. That portion of petitioner’s cross motion which seeks an award of sanctions is denied. The court finds that respondent’s motion has merit and there was no intentional or unreasonable delay in filing the motion.
The last issue for this court to consider is that portion of respondent’s motion which requests that in the absence of proper proof of service of the initial registration, this court modify the monthly rent arrears due to the last monthly rent under rent control.
Respondent cites four cases to support her position that an owner’s failure to serve the initial registration bars collection of rent in excess of the last rent under rent control. (Smitten v 56 MacDougal St. Co., 167 AD2d 205 [1st Dept 1990]; 310 W. End Ave. Owners Corp. v Rosenberg, NYLJ, Aug. 28, 1991, at 21, col 4 [App Term, 1st Dept]; Verveniotis v Cacippo & Spitalieri, NYLJ, Mar. 9, 1994, at 26, col 4 [Civ Ct, Kings County]; Garramone v Corchado, NYLJ, June 15, 1994, at 32, col 2 [Civ Ct, Kings County].) The court finds that all four cases involve a double failure of the landlord: failure to file an initial rent registration with DHCR (under RSC § 2528.1), as well as failure to properly serve the initial tenant with an *310 initial legal regulated rent notice and notice of the right to file a FMRA challenge (under RSC §§ 2523.1, 2528.2 [d]).
In each case cited by respondent, it appears that it was the landlord’s failure to initially register the first rent-stabilized lease with DHCR which resulted in an overcharge and in the legal rent rate being the last rent under rent control. If a landlord properly files an initial registration with DHCR but does not properly serve the initial tenant with a DC-l/RR-1 notice, the effect is that the 90-day time period to file a FMRA does not begin to run until the notice is properly served, and, as a result, even a subsequent stabilized tenant can file a FMRA for the first time. This is so because a FMRA requires that the initial legal regulated rent has been effectively determined, for which registration of the initial rent is a prerequisite. (See, Matter of Alcoma Corp. v New York State Div. of Hous. & Community Renewal, supra; Mautner-Glick v New York State Div. of Hous. & Community Renewal, supra; and, especially, Matter of McKenzie v Mirabal, supra.)
In the matter at bar, there has been no indication as to whether petitioner filed the initial registration with DHCR. Petitioner only forwarded the initial tenant’s purported acknowledgment of receipt of the initial rent registration. It has not presented a copy of the actual notice(s) delivered to that initial tenant. Nor has petitioner presented documentation of the timely filing with DHCR of any initial rent registration and notice of initial legal regulated rent.
As a result, at the November 9 hearing, petitioner is to produce evidence as to its proper initial registration of the subject apartment with DHCR. Petitioner shall also produce copies of the notice(s) delivered to the initial stabilized tenant as a result of which she allegedly signed the acknowledgment of receipt. Both parties should be prepared to further address the effect, if any, upon respondent’s rent, depending on the proof presented at the hearing.
Accordingly, that portion of respondent’s motion which requests that in the absence of proper proof of initial registration, this court modify the amount of rent arrears due to the last monthly rent under rent control is denied as premature, with leave to renew if the evidence presented so warrants.

. The notice of initial legal registered rent was formerly known as a "DC-2 Notice” and is now known as the "RR-1”.

. Also, the initials, circle and date are written in blue ink while the alleged signature of the initial tenant is in black ink.

. It is also noted that there was an earlier stipulation. Petitioner first represented that there was an HPD order restructuring the rents for all the apartments. Petitioner was to fax to respondent the order. Instead, what *309 was faxed was a rent roll on HPD stationery which included every apartment, except respondent’s, with an indication that this had been a superintendent’s apartment. Thereafter, petitioner asserted that rather than being restructured by HPD, the rent for the initial tenant had been based on a fair market rent set pursuant to the RSC. This information resulted in the July 6 stipulation at issue herein.