◼ In the Matter of the Estate of SOL GOLDMAN, Deceased, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent, and CALMAN PHILIPS et al., Intervenors-Respondents. [643 NYS2d 99]

Respondent Division of Housing and Community Renewal properly held that the tenants' Fair Market Rent Appeal was timely filed, since petitioner failed to establish that it properly served the tenants with the required initial legal regulated rent notice (Administrative Code of City of NY § 26-513 [b] [1]; [d]; *see, Matter of McKenzie v Mirabal*, 155 AD2d 194). Petitioner failed to serve the notice by certified mail (*see, Matter of Alcoma Corp. v New York State Div. of Hous. & Community Renewal*, 79 NY2d 834, *affg* 170 AD2d 324), and, based upon the record, the Rent Administrator properly found that petitioner also failed to prove personal service (*see, M.H.A. Realty Corp. v Cole*, 163 Misc 2d 300). Petitioner's due process rights were not violated by failure to hold an evidentiary hearing as it was afforded a reasonable opportunity to be heard based upon its submissions (*see, Matter of Rubin v Eimicke*, 150 AD2d 697, *lv denied* 75 NY2d 704).

Respondent also did not abuse its discretion in re-opening the proceeding based on an irregularity in the copy of the notice submitted (*see*, Rent Stabilization Code [9 NYCRR] § 2527.8; *Matter of Cupo v McGoldrick*, 278 App Div 108, 112). Respondent properly afforded the parties the opportunity to be heard prior to its issuance of the superseding order. Nor did respondent violate due process in failing to provide petitioner with an additional opportunity to submit comparable rent data

as petitioner had received adequate notice of such requirement and failed to respond.

Since there was a rational basis for the determination here, it should not be disturbed (see, *Matter of Salvati v Eimicke*, 72 NY2d 784, 791). Concur—Milonas, J. P., Rosenberger, Ross and Tom, JJ.