[651 NYS2d 448]

In the Matter of JANUSZ SENDOWSKI, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and RUSSELL STEIN et al., Intervenors-Respondents.

First Department, December 17, 1996

APPEARANCES OF COUNSEL

*David B. Cabrera* of counsel *(Horing, Welikson & Bienstock, P. C.,* attorneys), for appellant.

*Carl Eckstein* of counsel *(Leslie R. Byrd,* attorney), for respondent.

## OPINION OF THE COURT

Tom, J.

In this appeal, we are called upon to decide whether the conduct of a building owner in failing to register a vacant rent-stabilized apartment in 1985 and thereafter charging the tenant lawfully calculated rent increases constituted a willful overcharge so as to warrant the imposition of treble damages pursuant to Rent Stabilization Code (9 NYCRR) § 2526.1 (a) (1). The issue must be addressed in the context of respondent agency's own memorandum, which directed that such damages should not be imposed.

Petitioner Janusz Sendowski is the owner of the residential building designated as 33 Carmine Street, New York, New York. Respondent tenants Russell Stein and Rachel Woodney-Stein were the residents of Apartment 5 (the Premises) when, on December 26, 1989, they filed a rent overcharge complaint with respondent New York State Division of Housing and Community Renewal (DHCR). The complaint, dated December 18, 1989, does not set forth any specific or general reason why the tenants felt they were being overcharged and states "If I am being overcharged, I would like to receive damages in treble". Petitioner was notified of the complaint on January 11, 1990 and was instructed to provide a four-year rental history for the Premises dating back to 1985.

Petitioner responded by providing a rental history beginning July 1, 1980, accompanied by an explanation of the rent increases and documentation of $19,000 in vacancy improvements. By notice dated October 3, 1991, the DHCR requested additional information from petitioner, stating: "The agency's records indicate that you have failed to file an annual registration with DHCR for the subject apartment for 1985. Please submit proof that you registered with the agency for the year(s) in question. Failure to file annual registration will result in penalties pursuant to Section 2528.4 of the Rent Stabilization Code and Section 26-517 (b) of the Rent Stabilization Law."

By letter dated October 22, 1991, petitioner informed the DHCR that the tenants had withdrawn the overcharge complaint as per a "Surrender Agreement" executed on April 17, 1991. On November 1, 1991, the DHCR forwarded to petitioner a final notice requesting the rent registration for the Premises, which also warned of the consequences for failing to file. Petitioner, by letter dated November 19, 1991, with accompanying submissions, provided the DHCR with the rental history of the Premises as well as renovation particulars. Petitioner also explained that the failure to file the apartment registration for the Premises was due to confusion over how to register a vacant apartment. Since the tenant of the subject apartment vacated the Premises prior to the time of the 1985 registration, no registration was filed for this apartment. Petitioner further pointed out that registrations for all of the occupied apartments, which comprised the rest of the building, had been properly filed.

The tenants, by letter dated February 10, 1992, contended that the rent they paid was too high, that not all of the claimed renovations were made, and that although they vacated the Premises when they found a larger apartment, their overcharge claim before the DHCR was still valid. The DHCR, by "Final Notice to Owner Imposition of Treble Damages on Overcharge", dated February 27, 1992, advised petitioner that the record supported a finding that the rent was not what was charged, but was only $279.11 per month (the legal, registered rent on March 31, 1985) due to petitioner's failure to register the Premises for 1985, and that treble damages would be imposed unless petitioner submitted evidence to rebut the presumption that the overcharge was willful.

By letter dated March 23, 1992, petitioner replied that no overcharge was made "willfully, knowingly or otherwise"; that there is no mathematical, historical or statutory basis for the DHCR's proposed rent; that the DHCR examiner failed to recognize substantial renovations; that petitioner had voluntarily refunded an overcharge from the period of October 1, 1989 through September 30, 1990, which was the result of his own inadvertent mathematical mistake, and had accordingly corrected the tenants' renewal lease; and that petitioner has acted, at all times, in good faith.

The DHCR, once again by a final notice, this one dated April 20, 1992, stated, again, that its records revealed that petitioner had failed to register the Premises for 1985 and requested evidence of such registration. By letter dated May 7, 1992,

petitioner reiterated that the Premises had not been registered in 1985 because it was vacant at the time, and that petitioner had complied with DHCR requests by providing a complete rental history for the apartment in order to confirm that lawful rents had been charged. Petitioner also averred that, "[s]hould the DHCR suggest that any particular rent registration be corrected or amended we will certainly comply with your instruction."

By order dated November 13, 1992, the DHCR Rent Administrator froze the monthly rent at $279.11, granted certain improvement costs and a rent increase of $465.63 per month thereon; imposed treble damages; and denied a guideline rent increase based on the prior interim tenant's renewal lease. The total overcharge awarded tenants was $88,140.69 and petitioner was directed to file the 1985 registration.

Petitioner thereafter filed a petition for administrative review (the PAR). By order and opinion issued July 29, 1994, the DHCR Deputy Commissioner granted the petition and modified the order only to the extent of granting the guideline increase related to the prior interim tenant. The Deputy Commissioner, however, confirmed the rent freeze because petitioner failed to register the Premises, stating that the DHCR instructions were clear in that regard, and confirmed the imposition of treble damages.

Petitioner timely commenced this CPLR article 78 proceeding maintaining that the DHCR's determination was arbitrary and capricious, and interposed the same arguments made on the PAR. Petitioner also argued that the Rent Regulation Reform Act of 1993 (RRRA; L 1993, ch 253) eliminated treble penalties for late and missing apartment registrations and that such act should be applied retroactively.

The IAS Court, by decision and judgment entered on August 1, 1995, denied the petition and dismissed the proceeding. The IAS Court found, *inter alia*, that petitioner failed to establish that the overcharge was not willful since petitioner was notified three times in three years of the need to file, and also noted that the RRRA was not to be applied retroactively. Petitioner appeals and we now reverse.

The crux of petitioner's arguments on appeal goes to the issue of whether the imposition of treble damages was proper. It is well settled that where a rational basis for an administrative determination exists, it should not be disturbed (*Matter of Salvati v Eimicke*, 72 NY2d 784; *Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal*, 228 AD2d 192).

Initially, we reject petitioner's contention that the provisions of the RRRA require us to vacate the award of treble damages. The RRRA was enacted in 1993 and, *inter alia*, modified the penalty structure of the Rent Stabilization Law to eliminate the imposition of treble damages if the rent increases for an apartment were lawful but the owner failed to properly register the apartment. However, the statute specifically provides that it applies only to proceedings docketed on or after July 1, 1991, whereas the complaint herein was filed on December 26, 1989. Therefore, despite the fact that the statute is remedial in nature, a characteristic readily pointed out by petitioner, it cannot be applied retroactively as the RRRA, by its own provisions, is limited to those proceedings commenced after the date contained therein.

The DHCR, however, on April 14, 1995, circulated a memorandum to all bureau chiefs (the Memorandum) eliminating treble damages in cases filed prior to July 1, 1991. The Memorandum, which was issued 18 days prior to oral argument before Justice Glen, but of which the Judge was never made aware, states, in pertinent part:

"Effective immediately, a treble damage penalty shall not be imposed in cases filed prior to July 1, 1991 (the effective date of the Rent Regulation Reform Act of 1993) where any overcharge results solely from the owners' failure to provide service of the initial registration (RR-1 form) or an annual registration form on either the DHCR or the tenant and all rent increases charged are otherwise legal. Rather the rent will be frozen and interest will be imposed on the overcharges resulting from the freeze in these cases. However, if an overcharge results from any reason in addition to the failure to register (except where that overcharge would otherwise be non-willful) or, if the owner has a pattern of non-compliance with registration requirement in its buildings or is found guilty of engaging in harassment tactics against tenants, treble damages shall still be imposed.

"Please inform your staff of this important new processing directive and ensure that affected cases are processed in accordance with its intent and meaning."

It is clear then from the above that the DHCR itself has recognized the harshness of the penalty of treble damages in cases having circumstances such as those present herein.

In the matter at bar, the DHCR has never claimed that the rental calculations for the Premises were unlawful or that petitioner had harassed its tenants. Indeed, the only apparent violation was the petitioner's failure to file the registration for

the subject vacant apartment, as the remaining occupied apartments in the building were properly registered. It is apparent from the record that petitioner simply became confused with regard to filing a registration for a vacant apartment. There is no pattern of nonfilings and petitioner made two requests for information regarding amending the registration for the Premises for the years 1985 and 1986, to which the DHCR never replied. Petitioner had even voluntarily refunded an overcharge which was inadvertently charged.

Thus, in view of the DHCR's Memorandum and the provisions of the RRRA which recognized, and eliminated, the severe penalty of treble damages in cases such as this, coupled with the DHCR's failure to establish, by a preponderance of the evidence, that the overcharge was willful (*see, Matter of Wai Leung Chan v New York State Div. of Hous. & Community Renewal*, 207 AD2d 552), we find the imposition of treble damages to be arbitrary and capricious and an abuse of discretion.

Accordingly, the judgment of the Supreme Court, New York County (Kristin Booth Glen, J.), entered on August 1, 1995, which denied petitioner's petition and dismissed the proceeding, is unanimously modified, on the law and the facts, without costs, and the petition is granted to the extent of vacating the award of treble damages, and otherwise affirmed, without costs.

ELLERIN, J. P., WALLACH, KUPFERMAN and NARDELLI, JJ., concur.

Judgment, Supreme Court, New York County, entered August 1, 1995, modified, on the law and the facts, and the petition granted to the extent of vacating the award of treble damages, and otherwise affirmed, without costs.