■ In the Matter of LOURDES HERNANDEZ, Appellant, v PATRICIA J. LANCASTER, as Commissioner of the New York City Department of Buildings, et al., Respondents. [860 NYS2d 504]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), entered April 12, 2007, which denied the petition brought pursuant to CPLR article 78 involving use of leased premises for a group family day care center, unanimously affirmed, without costs.

Petitioner seeks, inter alia, to vacate a determination of the Environmental Control Board (ECB) that denied her request to intervene in connection with a notice of violation (NOV) issued by the Department of Buildings (DOB) to the landlord of her nonfireproof multiple dwelling concerning the use of her second-floor residential premises for group family day care purposes. The landlord exercised its right to settle the NOV by stipulation and agreed to pay a fine and cure the condition, thereafter serving petitioner with a 10-day notice to cure the violation and commencing a holdover proceeding.

DOB's enforcement of the residential certificate of occupancy against a licensed group family day care facility did not violate and was not preempted by state law. Social Services Law § 390 (12) (b) restrains a local government from prohibiting regulated group family day care facilities in fireproof multiple dwellings, *and in ground-floor units of a multiple dwelling that is not classified as fireproof,* clearly implying that there is no such immunity for facilities above the ground floor in a multiple dwelling that is not fireproof. Paragraph (*a*) of subdivision (12) more generally restrains a local government from imposing additional "standards for sanitation, health, fire safety or building construction on a . . . multiple dwelling used to provide group family day care . . . than would be applicable were such child day care not provided on the premises." Petitioner's position is that these two paragraphs of subdivision (12) are contradictory, and that paragraph (*a*), which postdates the passage of

paragraph (*b*), implicitly overrules the earlier enactment. We reject this argument. Even though paragraph (*b*) is of prior vintage (former § 390 [13] [d]; *see* L 1986, ch 875, § 4), it was relettered as paragraph (*b*) of subdivision (12) (L 1990, ch 750, § 2) at the same time as the Legislature added paragraph (*a*) of that subdivision (L 1990, ch 750, § 1). We must assume that in juxtaposing these two paragraphs in the same subdivision, the Legislature intended that they be read consistently, with effect given to both (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 144; *Iazzetti v City of New York*, 94 NY2d 183, 189 [1999]; *Matter of Foley v Bratton*, 92 NY2d 781, 787 [1999]).

ECB's denial of petitioner's request to intervene in connection with the NOV was rationally based. As ECB found, petitioner did not qualify as one "directly and adversely affected" by ECB's order; the NOV involved only the imposition of a monetary penalty against the named respondent, the landlord (*see* ECB Adjudication Procedures in 15 RCNY 31-35 [a] [1]). Moreover, regardless of whether considered as of right or discretionary, petitioner's request to intervene was untimely (§ 31-35 [a] [2]; [b]). Therefore, ECB's denial of petitioner's request was neither arbitrary nor capricious, and no grounds exist upon which to vacate its determination (*see Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]). DOB's enforcement of the violation was not preempted by state law, and ECB would have acted properly within its discretion to deny the request to intervene had it been timely made.

Having failed to avail herself of the available forms of intervention in a timely fashion, petitioner has no claim for a violation of due process of law (*see Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 228 AD2d 192 [1996], *lv denied* 89 NY2d 805 [1996]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Gonzalez, Sweeny and DeGrasse, JJ. [*See* 2007 NY Slip Op 30675(U).]