■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA CHARLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered July 9, 1987, convicting her of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defense counsel's failure to move to reopen the suppression hearing, following trial testimony which indicated that the defendant may have been ordered by police to open a bag which was found to contain cocaine, did not, under the circumstances of this case, demonstrate that the defendant received the ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v McFadden,* 118 AD2d 805). In any event, we are not persuaded that even if the motion to reopen the *Mapp* hearing had been granted, suppression of the evidence would ultimately have been granted *(see, People v Wade,* 137 AD2d 638).

The sentencing statute was not unconstitutionally applied to this defendant *(see, People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950). Furthermore, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.