■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GUERRA, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered October 4, 1989, convicting defendant, after a jury trial, of rape in the first degree, and sentencing him, as a predicate felon, to 8⅓ to 25 years' imprisonment, to run consecutively to consecutive sentences previously imposed in connection with two unrelated Bronx County felony convictions, unanimously affirmed.

We find no abuse of discretion by the trial court in its *Sandoval* ruling, and note that the People abided by that ruling. It was the defendant, who introduced in direct testimony, the details of an attempted murder conviction that had been precluded by the court's ruling, and who stated that he regularly carried and used a gun to shoot people, thus failing to show any possible prejudice resulting from the trial court's *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371).

Defendant's claim of error in the admission of testimony of two witnesses regarding the complainant's report of the rape was not preserved by appropriate objection *(see, e.g., People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). In any event, the testimony of the complainant's sister that complainant told her she had been raped, and that defendant was the rapist, upon returning home shortly after the incident, was properly admitted as prompt outcry evidence *(Baccio v People,* 41 NY 265). Considering the testimony of the complainant that defendant threatened to kill her if she reported the rape, and defendant's testimony that he regularly carried a gun to shoot people, a one-day delay in reporting the rape to the police is unremarkable, allowing the testimony of the police detective that the complainant told him of the rape the next morning *(see, People v O'Sullivan,* 104 NY 481).

Defendant has also failed to preserve his claim of improper comments by the prosecutor in summation, by appropriate objection *(see, e.g., People v Balls,* 69 NY2d 641). In any event, the prosecutor's summation constituted fair comment on the evidence *(People v Fielding,* 158 NY 542), and appropriate response to defense counsel's summation comments attacking the credibility of all of the People's witnesses *(see, e.g., People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Concur—Milonas, J. P., Ellerin, Ross and Rubin, JJ.