■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MCKINLEY YATES, Appellant.—Judgment, Supreme Court, New York County (Richard C. Failla, J., at hearing, plea and sentence), rendered October 23, 1989, convicting defendant, upon his guilty plea, of criminal possession of a weapon in the third degree, and sentencing him to a five year term of probation, unanimously affirmed.

Police officers received a radio run that a black male in a black coat possessed a gun and was standing in front of 26 West 131st Street, New York County. The officer who testified at the hearing was on the same block with two partners, and had only to turn around to see defendant, who matched the description, standing in the doorway of the described location. The officer, with his hand on his holstered pistol, approached defendant who repositioned his waist/belly bag to his left side, "as if to conceal it". When told to remove his hands from the

bag defendant "tensed" and refused to comply with the officer's directive. Believing the bag to contain a pistol and fearing for his safety the officer placed his hand on the pouch and felt the outline of a gun.

Defendant's motion to suppress the weapon was properly denied. The anonymous tip which accurately described defendant and his location sufficed to permit the officer to exercise his common-law right of inquiry. At that point in view of defendant's conduct the police officer reasonably feared for his safety, which warranted the limited intrusion which occurred here. *(People v Benjamin,* 51 NY2d 267.) The manner in which these events unfolded supports the view that the officer's conduct was reasonable under the circumstances and did not amount to an unconstitutional stop and frisk. *(Cf., People v Bond,* 116 AD2d 28.) Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.