■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CHIN, Appellant. [596 NYS2d 391] —Judgment, Supreme Court, New York County (Edward McLaughlin, J., at *Mapp* hearing; Patricia Williams, J., at plea and sentence) rendered June 5, 1990, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to five years probation, unanimously affirmed.

Defendant's contention that the seizure of a gun from his person must be suppressed on the basis of the court's ruling which granted suppression as to his codefendant is without merit. The police officers, on anti-crime patrol, were specifically investigating a group of men connected with armed robberies, one of whose description closely matched that of defendant. Defendant and his companions, who were followed by police, had been acting in a manner which alerted police suspicions. The subject officer also was aware that his partner had just removed a gun from one of the men, leaving this officer to face four men all of whom he assumed to be armed. The officer directed the four men to stand against the wall. Defendant was recalcitrant. The officer placed his hand on defendant's back only to move him along. In so doing, he felt the outline of a gun in the small of defendant's back. This officer, acting in furtherance of his common-law right of inquiry, had a right to assure his own safety.

In cases where an officer, in furtherance of his common-law right of inquiry, had valid concerns for personal safety, we have permitted such minimal intrusions *(People v Yates,* 176 AD2d 442, *lv denied* 79 NY2d 834; *People v Brimmage,* 161 AD2d 379, *lv denied* 76 NY2d 853; *People v Gutierrez,* 129 AD2d 463, *appeal dismissed* 70 NY2d 782; *People v Jenkins,* 87 AD2d 526). We adhere to the same principle in the present case. Concur—Carro, J. P., Kupferman, Kassal and Rubin, JJ.