■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARTINEZ, Appellant. [615 NYS2d 383] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 7, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of from six to twelve years imprisonment, unanimously affirmed.

There is no merit to defendant's contention, raised for the first time on appeal, that the trial court impermissibly shifted the burden of proof from the prosecution when, upon objection by the prosecutor to defense counsel's statement that "the police, as you will learn, control everything that goes on in the streets and that comes into this courtroom", it interrupted the defense's opening statement to say "Mr. Stone, get to what you will show." Considered in the context of the defense's opening statement, and coupled with the fact that defense counsel went on with his opening to tell the jury how, in an effort to create a reasonable doubt in their mind, defendant would "show" how buy and bust operations are carefully orchestrated by the police who, according to counsel, "use scripts like on T.V.", the court's statement clearly constituted the proper exercise of its sound discretion in monitoring the conduct of the trial. Moreover, when considered in context, none of the court's other rulings or comments, now complained of, conveyed any opinion of the court regarding the case. The court also appropriately exercised its discretion in precluding the proposed defense pharmacological expert upon

its finding, after a hearing, that defendant's offer of proof failed to establish or satisfy the standard for admissibility of his proposed testimony, *viz.,* that the principle espoused by the proposed expert witness enjoyed general acceptance in the field.

Finally, as to defendant's claims regarding allegedly improper comments by the prosecutor in her opening and closing arguments, none of these statements were objected to and such claims are both unpreserved for review and without merit. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.