■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY VEGA, Appellant. [618 NYS2d 309] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered August 26, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to concurrent prison terms of from 5 to 10 years and 1 year, respectively, unanimously affirmed.

When police, pursuant to a search warrant, searched apartment 4G, 155 Audubon Avenue, defendant partially dressed was found alone in the apartment bedroom and told the police that he lived there. A bag of cocaine containing three-eighths of an ounce of cocaine was found inside an espresso machine on the kitchen sink. In addition, drug paraphernalia was recovered from the kitchen and living room.

Defendant's presence in the apartment, combined with his statement that he lived there and a detective's testimony that the apartment bore many of the characteristics of a "working" apartment where narcotics sales take place, constituted evidence sufficient to establish that defendant constructively possessed the cocaine *(see, People v Manini,* 79 NY2d 561, 573). Defendant's argument that his conviction of criminally using drug paraphernalia in the second degree was not supported by legally sufficient evidence because his possession of the items in Exhibit 3 (two strainers, a pestle, a pack of playing cards, a calculator, and a scale) was not prohibited by Penal Law § 220.50 (2) lacks merit. Although the possession of a scale was prohibited by subdivision (3), that was not the subdivision under which he was tried. Since the evidence demonstrated that these items were used in the drug trade for packaging and distributing narcotics, they fall within the definition of

drug paraphernalia set forth in subdivision (2). We also conclude that based upon defendant's close proximity to the cocaine and the drug paraphernalia, the evidence was legally sufficient for a jury to infer that defendant knew the weight of the cocaine he possessed *(People v Love,* 204 AD2d 97, 98, *lv granted* 83 NY2d 973).

The court's *Sandoval* ruling was an abuse of discretion because the questioning regarding defendant's use of three aliases would have permitted a jury to conclude that defendant had two prior encounters with the criminal justice system rather than one *(see, People v Walker,* 83 NY2d 455, 463). Nevertheless, the error was harmless because the evidence of guilt was overwhelming and it is not at all likely that defendant's testimony would have changed the verdict *(People v Crimmins,* 36 NY2d 230). Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.