■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [620 NYS2d 372] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered January 10, 1990, convicting defendant, after a jury trial, of attempted murder in the second degree, attempted assault in the first degree, criminal use of a firearm, criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree and sentencing him to three concurrent indeterminate prison terms of from four to twelve years on the attempted murder, criminal use of a firearm and criminal possession of a weapon in the second degree charges to run concurrently with three additional concurrent indeterminate terms of from two and one-third to seven years on the remaining charges of which he was convicted, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was convicted for his involvement in a shootout with Gabriel Garcia on November 24, 1987. Crouched behind parked cars, the two men shot at each other across 111th Street between Amsterdam Avenue and Broadway. Defendant was apprehended after a short chase and the gun used by him, the barrel still warm, recovered from underneath the car where defendant discarded it.

The proof of guilt was strong and we would have no hesitancy in affirming were it not for the court's curtailment of defendant's statutory right to make an opening statement (CPL 260.30 [4]) and its skewing of the burden of proof by its repeated interjection, during that aborted statement, to ask, "What are you going to prove?" After several interruptions, the following transpired:

"[DEFENSE COUNSEL]: [T]he evidence is going to show that the people who were firing guns on 111th Street were crouched behind cars. Now, what does that tell you? It tells you that there is one problem as far as identification of the perpetrators.

"THE COURT: That is not an opening statement.

"[DEFENSE COUNSEL]: Furthermore—

"THE COURT: Sit down.

"[DEFENSE COUNSEL]: Just I would like to tell the jury what the evidence is going to show.

"THE COURT: I don't care about it. You are not going to show any more. Be seated."

A similar exchange took place when Garcia's attorney made his opening statement. Eventually, he was told, "Be seated." The court then instructed the jury that although the burden of proof was on the prosecution and the defense counsel "doesn't have to prove anything", it terminated the openings because "[t]here was nothing in the opening statement saying that they were going to prove anything." The court's statements could, as we noted in *People v Robinson* (202 AD2d 225, 226, *lv denied* 84 NY2d 871), "give the jury a message that there were indeed things that the defense had to prove." Moreover, the court's abrupt termination of defendant's opening unduly restricted counsel in presenting his view of the case and highlighting the weakness of the identification aspect of the People's case, thereby denying defendant his statutory right to make an opening statement.

Defendant's other contentions are without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.