■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO FABIAN, Appellant. [625 NYS2d 4] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered March 27, 1992, convicting defendant, after a jury trial, of attempted sodomy in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of 2½ to 7½ years and 1 to 3 years, respectively, unanimously affirmed.

The conduct of the court and prosecutor during defendant's opening statement does not require a new trial. While there is a potential burden-shifting effect to an admonition, delivered

in the presence of the jury, that a defense opening statement be confined to matters that the defense intends to prove *(People v Robinson,* 202 AD2d 225, *lv denied* 84 NY2d 871), in this case, the remarks of the court and prosecutor were brief, isolated, and innocuous in context *(see, People v Martinez,* 207 AD2d 284, *lv denied* 84 NY2d 908). Furthermore, the court did not unduly restrict defendant's opening statement, since it expressly gave counsel the option of making precisely the kind of opening statement he had requested to make, to wit, simply restating the People's burden of proof and requesting an acquittal, and counsel chose that option without protest.

Defendant's claim that the court erred in receiving evidence that the victim made "outcries" to various persons, *seriatim,* is unpreserved and we decline to review it in the interests of justice. Defendant made no objection to the victim's listing of all her various outcries, nor to the arresting officer's testimony about the last of the series of outcries. Defendant made merely generalized objections *(see, People v Rodriguez,* 158 AD2d 376, 377, *lv denied* 75 NY2d 969) to outcry testimony by the victim's relatives, which merely confirmed facts which had already been disclosed to the jury without objection *(see, People v Johnson,* 57 NY2d 969, 971). In any event, the rule that a prompt outcry must be made " 'at the first suitable opportunity' " *(People v McDaniel,* 81 NY2d 10, 17) does not necessarily undermine the admissibility of *seriatim* outcries to different listeners provided that each outcry qualifies as "prompt" under its own circumstances *(compare, People v Guerra,* 174 AD2d 502, *lv denied* 78 NY2d 1076, *with People v Badia,* 163 AD2d 4, 7-8).

Defendant's remaining challenges to alleged hearsay testimony are unpreserved and without merit in view of defendant's attack upon aspects of complainant's testimony as a recent fabrication. Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.