■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATUNGO BURKS, Appellant. [633 NYS2d 173] —Judgment,

Supreme Court, New York County (Martin Rettinger, J.), rendered April 27, 1993, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's claim that the trial court's directions to restrict defense counsel's opening statement to "what you intend to prove by way of evidence in the case" impermissibly shifted the burden of proof is unpreserved for appellate review (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to review it, we would find that the court's instructions were substantively correct and did not imply that the defendant had a burden to prove anything (*see, People v Martinez*, 207 AD2d 284, *lv denied* 84 NY2d 908; *cf., People v Rodriguez*, 211 AD2d 443).

It was a proper exercise of the trial court's discretion to restrict cross-examination of the victim as to the fact of his prior motor vehicle accidents, and to preclude the details thereof, as such details bore little relevance to the intentional assault charge or the intoxication defense (*see, People v Sorge*, 301 NY 198, 201-202; *People v Trinidad*, 177 AD2d 286, *lv denied* 79 NY2d 865).

The trial court's interested witness charge was appropriate as defendant was the only interested witness as a matter of law in the case. The court also informed the jury that they could consider the interest of all witnesses in determining credibility (*see, People v Huynh*, 215 AD2d 168; *People v Bowden*, 198 AD2d 39). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Tom, JJ.