■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL WATKINS, Appellant. [640 NYS2d 519] —Judgments, Supreme Court, New York County (Patricia Williams, J., at suppression hearing; Thomas Galligan, J., at trial and sentencing), rendered May 19, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and, upon his plea of guilty, of absconding from temporary release in the first degree and sentencing him, as a second felony offender, to consecutive terms of $3^1/2$ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

The radio transmission of "shots fired", which accurately described defendant and his companion and their location, provided the police with, at least, a founded suspicion that criminal activity was afoot, permitting the police to exercise their common-law right of inquiry (*People v Bora*, 191 AD2d 384, *affd* 83 NY2d 531; *People v Yates*, 176 AD2d 442, *lv denied* 79 NY2d 834). Defendant's failure to comply with the officers'

two requests to stop walking, followed by his flight, provided the police with reasonable suspicion justifying pursuit (*People v Matienzo*, 81 NY2d 778, 780, citing *People v Martinez*, 80 NY2d 444, 448; *People v Bora, supra*). Since defendant then put his hand to his waist while running, threw a heavy object under one of the buses where he hid, and refused to comply with the police command to lie on the ground, the police were justified in subduing and handcuffing defendant before frisking him in order to protect their safety and the safety of bystanders (*People v Foster*, 85 NY2d 1012, 1014, citing *People v Allen*, 73 NY2d 378, 379-380; *People v Chestnut*, 51 NY2d 14).

In light of defendant's extensive criminal history, the sentence was not excessive. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.