■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PENA, Appellant. [662 NYS2d 80] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered August 25, 1994, convicting him of attempted murder in the second degree, robbery in the first degree (nine counts), criminal possession of a weapon in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by providing that the sentences imposed for the defendant's convictions of robbery in the first degree under counts one, three, four, six, seven, and nine of the indictment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant stands convicted, *inter alia*, of attempted murder in the second degree and robbery in the first degree for his participation in the armed robbery at a Queens hotel which resulted in the shooting of an off-duty police officer. The defendant contends that the People failed to prove his guilt beyond a reasonable doubt because the eyewitness who identified him had only a brief opportunity to view the masked perpetrators. However, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators. Although the gunmen wore masks, the eyewitness was able to see a portion of the defendant's face when the defendant knelt on top of his body after the shooting. Based upon his partial view of the defendant's face, as well as his observations of the defendant's height, weight, size, and voice, the eyewitness unequivocally identified the defendant as one of the gunmen (*see, People v Lyons*, 197 AD2d 708). The defendant's identity as one of the perpetrators was further established through the testimony of his accomplice Yvonne Luna, which revealed that the defendant was involved in both the planning and the execution of the robbery. Further, upon the exercise of our factual review

power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We find no merit to the defendant's further contention that he was deprived of the right to counsel at the lineup in which he was identified by the eyewitness (*see, People v LaClere,* 76 NY2d 670; *People v Coates,* 74 NY2d 244). Here, the record indicates that the police notified the defendant's attorney of the impending lineup, and that counsel declined the opportunity to attend. Moreover, while the police were required, under the circumstances of this case, to notify defense counsel of the impending lineup, and afford him a reasonable opportunity to attend (*see, People v LaClere, supra; People v Coates, supra),* the police did not have to obtain defense counsel's approval of every proposed aspect of the lineup procedure in order to satisfy this obligation.

The defendant's contention that the court shifted the burden of proof by instructing the jury to consider opening statements as a "preview of what each side intends to prove by way of evidence in the case" is unpreserved for appellate review (CPL 470.05 [2]), and, in any event, without merit (*see, People v Dukes,* 236 AD2d 484; *People v Concepcion,* 228 AD2d 204, 206; *People v Burks,* 221 AD2d 201).

However, in accordance with the determination of the Court of Appeals regarding the propriety of the sentences imposed upon the codefendant Alex Ramirez, we modify the sentences imposed upon the defendant for robbery in the first degree under the first, third, fourth, sixth, seventh, and ninth counts of the indictment so that those counts predicated upon a single inseparable act run concurrently (*see, People v Ramirez,* 89 NY2d 444).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or relate to issues which constitute harmless error (*see, People v Crimmins,* 36 NY2d 230, 242). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.