■ The People of the State of New York, Respondent, v Jesus Feliciano, Appellant. [679 NYS2d 837] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered September 4, 1996, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he was unduly prejudiced because during the opening statement the court admonished defense counsel to state what he "intend[ed] to prove". The trial court repeatedly instructed the jury that the burden of proof remained on the People throughout the trial, and that the defendant had no burden of proof. Accordingly, the court's brief admonition cannot be deemed to have improperly shifted the burden of proof to the defendant (see, People v Pena, 242 AD2d 546; People v Concepcion, 228 AD2d 204; People v Burks, 221 AD2d 201).

The defendant's claim that certain comments made by the prosecutor during summation were improper is unpreserved for appellate review since the defendant either failed to properly object to the challenged remarks, or to request curative instructions (see, CPL 470.05 [2]; People v Heide, 84 NY2d 943; People v Walston, 248 AD2d 570; People v Scotti, 220 AD2d 543). In any event, the challenged statements were primarily fair responses to arguments raised by the defense counsel during summation or fair comment on the evidence, and did not

exceed the broad bounds of rhetorical comment allowed on closing argument (*see, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105; *People v Morris,* 246 AD2d 559).

The defendant's remaining contention is unpreserved for appellate review (*see, People v Agramonte,* 87 NY2d 765), and, in any event, is without merit under the circumstances of this case. Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.