■ In the Matter of DAVID WILLIAMS, Petitioner, v WESTCHESTER COUNTY COURT et al., Respondents. [682 NYS2d 870] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia*, to enjoin the County Court, Westchester County, from prosecuting him under Indictment No. 97-01571 in the matter entitled *People v Williams*, and application for poor person relief.

Ordered that the application for poor person relief is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569; *see, Matter of Rush v Mordue*, 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought. Miller, J. P., Ritter, Copertino and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANOLO ABREU, Appellant. [682 NYS2d 879] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered August 20, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions on appeal, the trial court neither shifted the burden of proof during his attorney's opening statement nor improperly curtailed his attorney's presentation (*see, People v Pena*, 242 AD2d 546; *People v Dukes*, 236 AD2d 484; *People v Concepcion*, 228 AD2d 204).

The defendant's remaining contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641). Bracken, J. P., Ritter, Copertino and Florio, JJ., concur.