■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN WRIGHT, Also Known as WAYNE RAWLINS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAHID ANDREWS, Appellant. [684 NYS2d 507] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered May 29, 1996, convicting defendants after a jury trial, of burglary in the third degree, and sentencing defendant Shawn Wright, as a second felony offender, to a term of 3½ to 7 years, and defendant Shahid Andrews to a term of 1½ to 4½ years, unanimously affirmed.

The suppression motion was properly denied. When the police responded to a burglary in progress at 5:30 A.M., and saw defendants, the only persons present, behaving in a furtive manner, without any innocuous explanation, in the alleyway adjacent to the crime scene, whereupon defendants fled immediately upon making eye contact with the police and refused to stop despite repeated orders to do so, these circumstances provided reasonable suspicion to pursue and detain the suspects (*see, People v Martinez*, 80 NY2d 444, 448). We find that the brief use of handcuffs was justified and did not constitute an arrest, and that the complainant's immediate arrival, at which time he identified defendants, provided the police with probable cause to arrest (*see, People v Allen*, 73 NY2d 378, 379; *People v Watkins*, 226 AD2d 173, *lv denied* 88 NY2d 996).

Since he failed to raise an objection to the court's ruling concerning his opening statement, defendant Andrews' claim is unpreserved (*People v Burks*, 221 AD2d 201, *lv denied* 87 NY2d 920), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court permitted defense counsel to conclude his opening statement (*People v Fabian*, 213 AD2d 298, *lv denied* 85 NY2d 972), and there was no reasonable possibility that the court's remarks could have been interpreted by the jury as shifting the burden of proof (*People v Concepcion*, 228 AD2d 204, 206, *lv withdrawn* 88 NY2d 982).

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence. We find no basis to disturb the jury's credibility determinations.

We perceive no abuse of sentencing discretion as to either defendant. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.