■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES EDWARDS ORR, Also Known as CHARLES PRICE, Also Known as TOBI CANIN, Appellant. [700 NYS2d 444] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered November 4, 1993, convicting defendant, after a jury trial, of attempted grand larceny in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

A fair reading of the record as a whole establishes that defendant consented to the admission at trial of the videotaped conditional examination of the complainant, a visitor from Argentina. Defense counsel was apprised of the date when the complainant would be returning to Argentina and clearly agreed that, rather than trying the case while the complainant was still in New York, a conditional examination would be taken in order that the case could be tried later, at a date more convenient to defense counsel. The court properly declined to permit counsel to renege on this agreement in the midst of trial.

The court's restrictions on defendant's opening statement were proper. The court properly exercised its discretion in precluding defense counsel from turning his opening statement into a summation, and the court's admonition to defense counsel to limit his opening statement to "any proof that you intend to produce here in the courtroom" did not shift the burden of proof, particularly where the court amply charged the jury that the defense did not have to make an opening statement and that the burden of proof remained with the People (see, People v Burks, 221 AD2d 201, lv denied 87 NY2d 920; People v Concepcion, 228 AD2d 204, lv withdrawn 88 NY2d 982).

The court's Sandoval ruling was a proper exercise of discretion to the extent that it permitted inquiry into seven of defendant's 25 prior convictions (see, People v Walker, 83 NY2d 455, 458-459). While the court should have limited questioning into defendant's use of aliases on 43 prior occasions, any error in this regard was harmless (People v Vega, 209 AD2d 220, lv denied 85 NY2d 944).

Contrary to defendant's contention, his presence was not required when the jury viewed the People's exhibits (People v Monroe, 90 NY2d 982).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.