■ In the Matter of DORIN H., a Person Alleged to be a Juvenile Delinquent, Appellant. [727 NYS2d 68] —Final order of disposition, Family Court, New York County (Sheldon Rand, J.), entered on or about January 5, 1999, adjudicating respondent a juvenile delinquent and placing him on probation for a period of 12 months, upon a fact-finding determination of the same court and Judge that respondent had committed acts which, if committed by an adult, would constitute robbery in the second degree, unanimously affirmed, without costs.

Police testimony established that on July 13, 1998 at about 11:30 A.M., the officers were driving a marked car in the vicinity of 135th Street and Eighth Avenue when they saw police activity nearby and five youths running from the area of the police action. The officers followed the youths for about two minutes before stopping them. Upon the stop, the officers asked the youths why they were running from the scene of police activity. One youth stated that a man with a gun had chased and tried to shoot at them. One officer proceeded to the scene of the police activity, where he ascertained that, in fact, an-

other youth at the police scene had said that he displayed a gun to five youths who had just beat and robbed him of jewelry and that the one who took his chain and ring wore a white shirt. This information was relayed back to the officers who had temporarily detained the youths. About three minutes had passed since the youths had been stopped when this information was related. A van was called so that all participants could be brought to the precinct to enable the police to "figure out what was going on." It took about 30 minutes for the van to arrive. The record does not indicate that the youths were handcuffed. When the complainant provided a more complete statement, the youths, including respondent, were arrested.

Respondent wore a white shirt as well as a chain. A ring was found in the van. Respondent, in his mother's presence and after *Miranda* warnings were administered, provided a statement in which he admitted hitting the complainant, but connected it with a feud the prior day. He also denied having stolen the ring, and denied knowing of its existence until he had seen it in the possession of another of the youths while they were in the police van. When no one in the van had claimed ownership, respondent dropped the ring on the seat in front of him.

At the fact-finding hearing, the complainant testified that it was actually respondent, whom he recognized from school, who, after punching him in the throat and chin, grabbed his chain and then picked up the jewelry that had dropped to the ground. While the complainant was on the ground, respondent and his companions proceeded to kick him until the complainant pulled out a gun to get the youths to leave him alone.

We accord great deference to the findings of the suppression court (*People v Prochilo*, 41 NY2d 759; *Matter of Larry R.*, 222 AD2d 220, *lv denied* 87 NY2d 811) and find no reason to disturb Family Court's findings in this case in support of its denial of the suppression motions and the fact-finding. Nor do we find impropriety in the prompt, temporary investigative stop and brief detention, under these circumstances, close in physical and temporal proximity to a police action from which respondent and his companions were apparently fleeing (*People v Warren*, 276 AD2d 505, *lv denied* 96 NY2d 764; *People v Wright*, 257 AD2d 365, *lv denied* 93 NY2d 881). The information provided by the complainant interlocked precisely with police observations of the suspicious conduct of respondent and his cohorts, justifying their further reasonable detention pending identification. Moreover, the youths' contention that they, in fact, fled a gun-wielding assailant, escalated the necessity of the reasonable investigative stop in connection with a crime.

We have examined respondent's remaining contentions and find them to be without merit. Concur—Sullivan, P. J., Rosenberger, Tom, Andrias and Marlow, JJ.