■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH FULLER, Appellant. [789 NYS2d 119]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J., at hearing; Roger S. Hayes, J., at plea and sentence), rendered July 18, 2003, convicting defendant of criminal posses-

sion of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The police were, at the very least, entitled to detain defendant in order to issue a summons for violation of the Open Container Law (Administrative Code of City of NY § 10-125 [b]). The officer's action of placing his arm on defendant's back, at waist level, to guide him toward the police car was incidental to such detention and did not constitute a frisk (*see People v Chin*, 192 AD2d 413 [1993], *lv denied* 81 NY2d 1071 [1993]). We also note that defendant had been uncooperative in that he failed to comply with the officer's requests (*see People v Bothwell*, 261 AD2d 232 [1999], *lv denied* 93 NY2d 1026 [1999]). When the officer felt what he recognized to be a firearm at defendant's waist, he was justified in arresting him for weapon possession. Concur—Buckley, P.J., Andrias, Nardelli, Gonzalez and Sweeny, JJ.