■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CLANTON, Appellant. [796 NYS2d 357]—

Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered August 6, 2003, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

The court's admonitions to defense counsel to desist from making summation-like arguments, and to confine her opening statement to what she intended to prove, did not shift the burden of proof, especially since the court thoroughly instructed the jury that the defense did not have to make an opening statement and that the burden of proof remained with the People (*see People v Orr*, 267 AD2d 177 [1999], *lv denied* 95 NY2d 856 [2000]; *People v Concepcion*, 228 AD2d 204 [1996], *appeal withdrawn* 88 NY2d 982 [1996]). Furthermore, the court's comments did not prevent defense counsel from completing her opening statement.

The court properly exercised its discretion in admitting limited evidence of an incident that occurred 12 days before the instant drug store robbery at another store across the street, as well as non-police photographs taken at the time of the prior incident. This evidence was properly admitted to explain the events leading to defendant's identification and arrest, and it was not unduly prejudicial (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Till*, 87 NY2d 835 [1995]). Although a detective's two brief references to a "crime incident report" having been filed in connection with the first incident violated the court's directives, the court's curative actions were sufficient to prevent any undue prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

The record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Friedman, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.