Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered February 1, 2012, convicting him of grand larceny in the third degree, operating a motor vehicle without headlights, and driving without a safety belt, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s claim that his trial counsel’s failure to move to reopen a Wade (see United States v Wade, 388 US 218 [1967]) hearing constituted ineffective assistance of counsel is without merit. Where an ineffective assistance claim is based upon a particular error in counsel’s performance, the defendant must demonstrate the absence of strategic or otherwise legitimate explanations for counsel’s allegedly deficient conduct (see People v Baugh, 91 AD3d 965 [2012]; People v Koki, 74 AD3d 987 [2010]). The defendant here failed to establish that there was no legitimate explanation for defense counsel’s failure to move to reopen the Wade hearing based on the complainant’s testimony at trial (see People v Baugh, 91 AD3d 965 [2012]; People v Elamin, 82 AD3d 1664 [2011]). Under the circumstances of this case, counsel could reasonably have concluded that a motion to reopen the hearing would have been futile (see People v Whaley, 70 AD3d 570 [2010]; see also People v Underdue, 89 AD3d 1132 [2011]). Counsel is not ineffective for failing to make a motion that is unlikely to succeed (see People v Garris, 99 AD3d 1018 [2012]; People v Cromwell, 99 AD3d 1017 [2012]). Furthermore, even if a motion to reopen the Wade hearing had been made, and granted, the record shows that a reopened hearing would not have resulted in a different ruling (see People v Evans, 16 NY3d 571, 576 [2011], cert denied 565 US —, 132 S Ct 325 [2011]; People v Charles, 152 AD2d 593 [1989]). The evidence and the law, viewed in totality and as of the time of representation, reveal that trial counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to the defendant’s contention, the Supreme Court’s *1072 admonitions to defense counsel to confine her opening statement to what she intended to prove did not shift the burden of proof. The court thoroughly instructed the jury that the defense did not have to make an opening statement, that the burden of proof remained with the People, and that the defendant had no burden (see People v Clanton, 19 AD3d 177 [2005]; People v Orr, 267 AD2d 177 [1999]; People v Feliciano, 254 AD2d 496 [1998]; People v Rodriguez, 228 AD2d 234 [1996]; People v Concepcion, 228 AD2d 204 [1996]). Furthermore, the court’s comments did not prevent defense counsel from completing her opening statement, or overly restrict her opening statement (see People v Clanton, 19 AD3d 177 [2005]; People v Concepcion, 228 AD2d 204 [1996]; People v Fabian, 213 AD2d 298 [1995]). Under the circumstances of this case, there is no realistic view that the court’s remarks could be interpreted so as to skew the burden of proof (see People v Dukes, 236 AD2d 484 [1997]; People v Concepcion, 228 AD2d 204 [1996]). The court’s remarks were brief, isolated, and innocuous in context (see People v Fabian, 213 AD2d 298 [1995]). Dillon, J.E, Hall, Cohen and Hinds-Radix, JJ., concur.