People v Maffei (2018 NY Slip Op 07150)





People v Maffei


2018 NY Slip Op 07150


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2010-10184
 (Ind. No. 844/06)

[*1]The People of the State of New York, respondent,
v
Robert Maffei, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Robert K. Holdman, J.), rendered May 21, 2008, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant shot and killed the victim, who was unknown to him, while the two were riding as passengers in two separate vehicles traveling side-by-side on an entrance ramp to the Belt Parkway in Brooklyn. The evidence at trial established that the defendant was traveling as a rear passenger in a Lincoln being driven by his girlfriend (hereinafter the driver). While the Lincoln was stopped at a red light near Bay 8th Street in Brooklyn, a Subaru containing four young men, including the victim, pulled up alongside the Lincoln and then turned right towards the entrance ramp for the parkway. The occupants of the Subaru may have looked at the driver, and smiled and waved as they drove past. The defendant told the driver to follow the Subaru, and then to pull up alongside of it. The driver complied and turned right, also onto the entrance ramp for the parkway. The defendant rolled down the rear passenger window of the Lincoln and, once the vehicles were side-by-side, pointed a gun toward the rear window of the Subaru and fired. The Subaru was traveling approximately 40 miles per hour at the time and in the merging lane for the parkway. The gun discharged a single bullet into the rear driver side window of the Subaru. The bullet missed the passenger seated in the rear driver side seat, but struck the victim, who was sitting in the rear passenger seat, killing him. The defendant was convicted following a jury trial of depraved indifference murder (see Penal Law § 125.25[2]).
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (see CPL 470.05[1]; People v Kopula, 13 NY3d 786, 787; People v Hawkins, 11 NY3d 484, 492). In any event, we find that it was legally sufficient to establish the defendant's guilt (see People v Danielson, 9 NY3d 342, 349). A person is guilty of depraved indifference murder when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person (see Penal Law § 125.25[2]; People v Suarez, 6 NY3d 202, 208). "Depraved indifference murder differs from intentional murder in that it results not from [*2]a specific, conscious intent to cause death, but from an indifference to or disregard of the risks attending defendant's conduct" (People v Gonzalez, 1 NY3d 464, 467). Contrary to the defendant's contention, the evidence at trial, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), established that the defendant shot indiscriminately towards the rear passengers of the Subaru with depraved indifference to human life rather than with a specific intent to kill (see People v Gonzalez, 1 NY3d 464; People v Williams, 150 AD3d 1273; People v Archie, 118 AD3d 1292). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Cruz, 127 AD3d 987, 988; People v Robles, 116 AD3d 1071, 1071). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court