People v Guzman (2025 NY Slip Op 01321)

People v Guzman

2025 NY Slip Op 01321

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Moulton, J.P., Kennedy, Gesmer, Mendez, Rodriguez, JJ. 

Ind No. 1306/21|1306/21|Appeal No. 3875|Case No. 2022-04641|

[*1]The People of the State of New York, Respondent,
v
Alexander Guzman, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (David M. Cohn of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven Hornstein, J.), rendered October 17, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a five-year term of probation, unanimously affirmed.
Defendant's valid waiver of his right to appeal forecloses both his suppression claim (see People v Thomas, 34 NY3d 545, 565 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]; People v Guerrero, 200 AD3d 432 [1st Dept 2021], lv denied 38 NY3d 950 [2020]) and his claim pursuant to New York State Rifle & Pistol Assn. v Bruen, 597 US 1 [2022])(see People v Johnson, 225 AD3d 453 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). As an alternative holding, we find that both arguments lack merit. The officer's search of defendant's fanny pack was supported by reasonable suspicion where defendant fled from police who stopped him based on the violation of not wearing a helmet while riding on an ATV (all-terrain vehicle), defendant's fanny pack appeared to be weighed down by a heavy object or objects, defendant reached toward the bag as he fled, and he resisted being handcuffed when the officers caught up to him (see People v Chestnut, 51 NY2d 14, 23 [1980], cert denied 449 US 1018 [1980]; People v Watkins, 226 AD2d 173,174 [1st Dept 1996], lv denied 88 NY2d 996 [1996]).
With regard to defendant's Second Amendment claim based on Bruen, we find that defendant lacked standing to challenge New York's gun licensing scheme because he did not apply for a gun license (see Johnson, 225 AD3d at 455; United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]) and that he has failed to establish that his conviction is unconstitutional under Bruen (see People v Cherif, 220 AD3d 543 [1st Dept 2023], lv denied 40 NY3d 1079 [2023]; People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025