■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TONY LILLY, Respondent. [621 NYS2d 56] —Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered on or about June 28, 1994, which granted defendant's motion to suppress physical evidence and a postarrest statement, unanimously affirmed.

Defendant's legitimate expectation of privacy in the mailbox *(see, People v Whitfield,* 81 NY2d 904; *People v Wesley,* 73 NY2d 351), and his resulting standing, were established by his assertion, in response to the officer's question, that the mailbox was his and that he resided in the corresponding apartment.

The officer's contention that he feared for his safety lacked any objective basis *(cf., People v Chin,* 192 AD2d 413, *lv denied* 81 NY2d 1071; *People v Marine,* 142 AD2d 368, 370-371), as the court properly determined that defendant was seized, i.e., that there was a "significant interruption [of his] liberty of movement", when the officer, while standing in defendant's path and without first asking him to move, placed his hand on defendant's left shoulder to brush him aside in order to observe the contents of the mailbox *(see, People v Bora,* 83 NY2d 531, 534-535) and was unwarranted under the circumstances. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Tom, JJ.