■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLIE SCOTT, Respondent. [709 NYS2d 543] —Order, Supreme Court, New York County (Charles Tejada, J.), entered on or about December 10, 1998, which granted defendant's motion to suppress physical evidence and dismissed certain counts of the indictment, unanimously reversed, on the law, the motion denied, those counts of the indictment reinstated, and the matter remanded for further proceedings.

Defendant was apprehended by two police officers on patrol in the lobby of a building in the St. Nicholas Housing Project while he was in the act of smoking marihuana. As one of the officers made inquiries of defendant, he noticed that defendant reeked of PCP, which has a distinctive odor. Upon searching defendant, he found, among other things, a set of keys. Defendant denied that he lived in the building and that the keys had anything to do with the building. The officer gave the keys to his colleague and asked him to see if any of the keys fit any of the building's mailboxes. Shortly thereafter, the second officer returned with a clear plastic bag containing what turned out to be 100 bags of crack cocaine and 15 bags of PCP that he found in a mailbox opened by one of defendant's keys.

Defendant did not meet his burden of demonstrating the reasonable, personal and legitimate expectation of privacy in the area searched, necessary to establish his standing to challenge the seizure of the narcotics (*People v Whitfield*, 81 NY2d 904). Mere possession of the mailbox key was insufficient to establish a proprietary interest in the mailbox or its contents (*People v Jose*, 252 AD2d 401, *affd* 94 NY2d 844), especially when considered in light of his denial of any personal connection to the building and of any connection between the keys and the building (*see, People v Wesley*, 73 NY2d 351, 353-354; *but cf., People v Lilly*, 211 AD2d 428 [defendant found to have legitimate expectation of privacy where he asserted that the mailbox and corresponding apartment were his]). Nor did defendant's wish to keep the contents of the locked mailbox private invest him with a reasonable expectation of privacy in the mailbox

(*see, People v Ramirez-Portoreal*, 88 NY2d 99). Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.