People v Battle (2021 NY Slip Op 07419)





People v Battle


2021 NY Slip Op 07419


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


1017 KA 15-01127

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAQUILL BATTLE, DEFENDANT-APPELLANT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered June 23, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) in connection with the shooting death of the victim that occurred during a robbery or attempted robbery. We affirm.
Defendant contends that Supreme Court erred in refusing to suppress statements that he made to the police during an interrogation. Specifically, he argues that the challenged statements should have been suppressed because he was arrested without probable cause, he did not validly waive his Miranda rights, and the length of his detention rendered his statements involuntary. We reject those contentions. The police had probable cause to arrest defendant because they "had information sufficient to support a reasonable belief that an offense ha[d] been . . . committed by defendant" (People v Collins, 106 AD3d 1544, 1545 [4th Dept 2013], lv denied 21 NY3d 1072 [2013] [internal quotation marks omitted]; see People v Shulman, 6 NY3d 1, 25 [2005], cert denied 547 US 1043 [2006]), i.e., "statements [of one of his accomplices] implicating him in the crime" (People v Mills, 137 AD3d 1690, 1690 [4th Dept 2016], lv denied 27 NY3d 1136 [2016] [internal quotation marks omitted]; see People v Berzups, 49 NY2d 417, 427 [1980], rearg denied 73 NY2d 866 [1989]; People v Luciano, 43 AD3d 1183, 1183 [2d Dept 2007], lv denied 9 NY3d 991 [2007]). Contrary to defendant's contention, the accomplice's statements did not lack indicia of reliability inasmuch as they were against the accomplice's penal interest (see People v Fulton, 133 AD3d 1194, 1195 [4th Dept 2015], lv denied 26 NY3d 1109 [2016], reconsideration denied 27 NY3d 997 [2016]; People v Brito, 59 AD3d 1000, 1000 [4th Dept 2009], lv denied 12 NY3d 814 [2009]).
To the extent that defendant challenges the validity of his Miranda waiver, we conclude that the video of the interrogation established that, at the very least, defendant implicitly waived his rights by agreeing to speak to the police immediately after the investigator read to him the Miranda warnings and after defendant confirmed that he understood his rights (see People v Wallace, 153 AD3d 1632, 1634 [4th Dept 2017]; People v Harris, 129 AD3d 1522, 1523 [4th Dept 2015], lv denied 27 NY3d 998 [2016]; see generally People v Sirno, 76 NY2d 967, 968 [1990]). We likewise reject defendant's contention that his statements were rendered involuntary due to the length of his detention (see People v Huff, 133 AD3d 1223, 1225 [4th Dept 2015], lv denied 27 NY3d 999 [2016]; People v Clyburn-Dawson, 128 AD3d 1350, 1351 [4th Dept 2015], lv denied 26 NY3d 966 [2015]). As the video of defendant's detention and interrogation shows, even though he was held in custody for approximately 23 hours, the police gave defendant the opportunity to eat and sleep, and the interrogation itself lasted only approximately 2½ hours (see [*2]People v Johnston, 192 AD3d 1516, 1518 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; Huff, 133 AD3d at 1225; cf. People v Guilford, 21 NY3d 205, 208-212 [2013]).
Defendant also contends that the conviction is not supported by legally sufficient evidence because the People did not establish that the victim's death was caused "in the course of and in furtherance of" a robbery or attempted robbery or that defendant participated in any such predicate crime (Penal Law § 125.25 [3]). We reject that contention. The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), established that the victim was killed in the course of and in furtherance of either a robbery or attempted robbery. The deceased victim's body was found on the porch of a house that appeared to have been ransacked. A motor vehicle parked near the house was still running and appeared to have also been ransacked. The evidence also demonstrated that, in addition to being shot, the victim had sustained a laceration to his head and that there was a roll of duct tape by the victim's arm. Thus, there is legally sufficient evidence from which the jury could infer that the victim was assailed immediately upon arriving at the house and that the assailants had acted with the intent to forcibly steal property from the victim (see generally Penal Law § 160.00; People v Duncan, 46 NY2d 74, 77 [1978], rearg denied 46 NY2d 940 [1979], cert denied 442 US 910 [1979], rearg dismissed 56 NY2d 646 [1982]).
The evidence at trial also provides a valid line of reasoning and permissible inferences from which a rational jury could conclude that defendant was one of the assailants involved in the robbery that resulted in the victim's death (see generally People v Reed, 97 AD3d 1142, 1143 [4th Dept 2012], affd 22 NY3d 530 [2014], rearg denied 23 NY3d 1009 [2014]; People v Danielson, 9 NY3d 342, 349 [2007]). Witness testimony established that multiple men were involved in the incident, and defendant admitted during his interrogation that he was present at the scene of the robbery, although he denied knowledge of any plot to rob the victim. Defendant's ex-girlfriend testified that, on the night of the shooting, defendant told her he was going out to get some money. When she spoke to him later that night, he was out of breath and directed her to put on the news. Upon arriving at the ex-girlfriend's home, defendant appeared nervous and left under her television stand two cell phones, one of which bore the victim's first name, as well as a bandana concealing five bullets. Two of the bullets were empty shells, matching the number of projectiles recovered at the scene of the shooting. Thus, there is legally sufficient evidence that defendant participated in the robbery or attempted robbery resulting in the victim's death.
Further, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even if a different verdict would have been reasonable in light of the largely circumstantial nature of the evidence of defendant's guilt (see generally Danielson, 9 NY3d at 348; Collins, 106 AD3d at 1545-1546), we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (Bleakley, 69 NY2d at 495).
We reject defendant's contention that the court erred in denying several pretrial requests to represent himself without conducting the requisite searching inquiry. "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17 [1974]; see People v Crespo, 32 NY3d 176, 178 [2018], cert denied — US &mdash, 140 S Ct 148 [2019]). The court did not err in denying several of defendant's pretrial requests to proceed pro se because, at the time of those requests, defendant repeatedly engaged in "disruptive and obstreperous conduct" that "would prevent the fair and orderly exposition of the issues" and that resulted in defendant being escorted from the courtroom (People v Wingate, 184 AD3d 738, 738 [2d Dept 2020], lv denied 35 NY3d 1071 [2020], reconsideration denied 36 NY3d 932 [2020] [internal quotation marks omitted]; cf. McIntyre, 36 NY2d at 18-19). With respect to those pretrial requests to proceed pro se that were not accompanied by disruptive and obstreperous conduct, those requests were not unequivocal. Indeed, some requests appeared to have been abandoned. Thus, no searching inquiry was required with respect to those requests (see generally People v Silburn, 31 NY3d 144, 151 [2018]; McIntyre, 36 NY2d at 17).
We have reviewed defendant's remaining contentions and conclude
that none warrants reversal or modification of the judgment.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court