People v Williams (2022 NY Slip Op 01642)





People v Williams


2022 NY Slip Op 01642


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.


109 KA 18-01725

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RANDY WILLIAMS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 2, 2018. The judgment convicted defendant upon a jury verdict of burglary in the first degree (two counts), robbery in the first degree (two counts) and criminal use of a firearm in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts each of burglary in the first degree (Penal Law § 140.30 [3], [4]), robbery in the first degree (§ 160.15 [3], [4]), and criminal use of a firearm in the first degree (§ 265.09 [1] [b]), defendant contends that reversal is required because he may have been convicted on an uncharged theory. We reject that contention. Although the trial evidence may have supported a theory different from the one set forth in the bill of particulars—namely that defendant was a getaway driver and did not enter the residence where the robbery occurred—and although County Court erred in denying defense counsel's objection to the prosecutor's remarks during summation presenting that theory, reversal is not warranted inasmuch as the court's "charge to the jury eliminated any danger that the jury convicted defendant of an unindicted act" (People v Bradford, 61 AD3d 1419, 1421 [4th Dept 2009], affd 15 NY3d 329 [2010] [internal quotation marks omitted]; see People v Gerstner, 270 AD2d 837, 838 [4th Dept 2000]; cf. People v Petersen, 190 AD3d 769, 770 [2d Dept 2021], lv denied 36 NY3d 1123 [2021]).
Contrary to defendant's further contention, the record as a whole demonstrates that the court did not err in denying his request to waive his right to counsel so that he could proceed pro se. It is well settled that a defendant in a criminal case has the right to proceed pro se (see NY Const, art I, § 6; CPL 210.15 [5]), and may invoke that right "provided: (1) the request is unequivocal and timely asserted[;] (2) there has been a knowing and intelligent waiver of the right to counsel[;] and (3) the defendant has not engaged in conduct [that] would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17 [1974]; see People v Herman, 78 AD3d 1686, 1686 [4th Dept 2010], lv denied 16 NY3d 831 [2011]). Here, the court properly denied defendant's request inasmuch as defendant engaged in a pattern of disruptive conduct meant to undermine orderly determination of the issues, arising from his mistaken belief that the court had no jurisdiction over him as a sovereign citizen (see generally McIntyre, 36 NY2d at 18; United States v Pryor, 842 F3d 441, 445-451 [6th Cir 2016], cert denied — US &mdash, 137 S Ct 2254 [2017]). We also reject defendant's contention that the sentence is unduly harsh and severe. Finally, we have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court