People v Ross (2025 NY Slip Op 03432)

People v Ross

2025 NY Slip Op 03432

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

253 KA 19-01854

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALONZO ROSS, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
ALONZO ROSS, DEFENDANT-APPELLANT PRO SE.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered July 15, 2019. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the second degree (§ 120.05 [12]). Contrary to defendant's contention in his main brief, Supreme Court's Molineux ruling did not permit the People to present on their direct case evidence of prior crimes that were "remarkably similar" to those charged herein. Rather, the court's Sandoval ruling allowed the People to impeach defendant by questioning him about some of his prior crimes. Inasmuch as the court also precluded the People from questioning defendant about seven prior crimes and limited their questioning with respect to several others, it cannot be said that the court's Sandoval ruling constituted an abuse of discretion (see People v Vanwuyckhuyse, 224 AD3d 1315, 1316-1317 [4th Dept 2024], lv denied 41 NY3d 967 [2024]; see also People v Micolo, 171 AD3d 1484, 1485 [4th Dept 2019], lv denied 35 NY3d 1096 [2020]).
In his pro se supplemental brief, defendant contends that the court erred in refusing to suppress letters that he mailed to the victim, which were retrieved from the victim's mailbox by the victim's daughter. Contrary to defendant's contention, the court placed its findings of fact and conclusions of law on the record as required by CPL 710.60 (6), and the court properly determined that he lacked standing to challenge the retrieval of mail from the victim's mailbox. " 'A defendant seeking suppression of evidence has the burden of establishing standing by demonstrating a legitimate expectation of privacy in the premises or object searched' " (People v Santiago, 229 AD3d 1383, 1383 [4th Dept 2024], quoting People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]). The record from the suppression hearing is devoid of evidence that would suggest that defendant had either a subjective or an objective expectation of privacy in the victim's mailbox (cf. People v Lilly, 211 AD2d 428, 428 [1st Dept 1995]).
Moreover, the record from the hearing establishes that the letters were retrieved by a private person without any involvement by the government, and " 'an unauthorized search or seizure by private individuals . . . does not render the evidence inadmissible at subsequent civil or criminal proceedings' " (People v Mendoza, 82 NY2d 415, 433 [1993]; see People v Alexander, 197 AD3d 1013, 1015 [4th Dept 2021], lv denied 37 NY3d 1094 [2021]).
We reject defendant's contention in his main brief that the court erred in refusing to allow defendant to represent himself. Prior to the suppression hearing, defendant, who had expressed [*2]displeasure with multiple assigned attorneys and had received several substitutions of counsel, requested that he be allowed to represent himself. The court initially reserved its ruling on that request. Ultimately, the court denied that request, explaining that the denial was due to defendant's "extremely disruptive behavior" and citing multiple examples of that behavior.
"A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17 [1974] [emphasis added]; see People v Williams, 203 AD3d 1571, 1571-1572 [4th Dept 2022], lv denied 38 NY3d 1075 [2022]). Here, the court properly denied defendant's request inasmuch as the record establishes that defendant "engaged in a pattern of disruptive conduct meant to undermine orderly determination of the issues" (Williams, 203 AD3d at 1572; see People v Battle, 200 AD3d 1712, 1715 [4th Dept 2021], lv denied 38 NY3d 1132 [2022]).
Defendant's contention in his main brief that the prosecutor violated his right of confrontation by using the victim's statement to police as a basis for questioning defendant is not preserved for our review. After defendant's initial objection to the questions, the court instructed the prosecutor to be more "general" in questioning defendant. Defendant lodged no further objections, and thus "no error of law was preserved for appellate review" (People v Medina, 53 NY2d 951, 953 [1981]; see People v Tolbert, 283 AD2d 930, 931 [4th Dept 2001], lv denied 96 NY2d 908 [2001]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contentions in his main brief that the conviction with respect to attempted murder in the second degree is not supported by legally sufficient evidence that he intended to kill the victim and that the verdict is against the weight of the evidence on that issue. Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant intended to kill the victim (see People v Bleakley, 69 NY2d 490, 495 [1987]). Intent, which is "rarely proved by an explicit expression of culpability by the perpetrator" (People v Hatton, 26 NY3d 364, 370 [2015] [internal quotation marks omitted]; see People v Bueno, 18 NY3d 160, 169 [2011]), may be inferred from a "defendant's conduct as well as the circumstances surrounding the crime" (People v Torres, 136 AD3d 1329, 1330 [4th Dept 2016], lv denied 28 NY3d 937 [2016], cert denied 580 US 1068 [2017] [internal quotation marks omitted]; see People v Steinberg, 79 NY2d 673, 682 [1992]; People v Forsythe, 230 AD3d 1544, 1545 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]). Given the nature and severity of the injuries sustained by the victim (see People v Ali, 192 AD3d 1132, 1133 [2d Dept 2021], lv denied 37 NY3d 962 [2021]; People v Spina, 275 AD2d 902, 904 [4th Dept 2000], lv denied 95 NY2d 969 [2000]), as well as defendant's own admissions that he thought he killed her and needed to "put her out," there is a " 'valid line of reasoning and permissible inferences' " from which a rational jury could have concluded that defendant committed the offense of attempted murder in the second degree (People v Chourb, 232 AD3d 1272, 1273 [4th Dept 2024], lv denied 42 NY3d 1079 [2025], quoting Bleakley, 69 NY2d at 495). Viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, even if a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
In both his main and pro se supplemental briefs, defendant contends that he was denied effective assistance of counsel. We conclude that none of defendant's allegations warrants reversal. With respect to defendant's contention that trial counsel was ineffective in failing to pursue a defense based on extreme emotional disturbance (Penal Law § 125.25 [1] [a] [i]) or mental disease or defect (§ 40.15), the record supports a determination that defense counsel logically pursued a defense based on intent, and "defendant failed to meet his burden of establishing that defense counsel's failure [to pursue the extreme emotional disturbance defense] was other than an acceptable all-or-nothing defense strategy" (Forsythe, 230 AD3d at 1546 [internal quotation marks omitted]). Moreover, the record refutes defendant's contentions that a defense based on mental disease or defect was viable (see generally People v Gilbert, 199 AD3d 1048, 1055-1056 [3d Dept 2021]).
To the extent that defendant relies on matters outside the record on appeal in contending that defense counsel was ineffective in failing to investigate those defenses, the appropriate vehicle for defendant's contention is a motion pursuant to CPL 440.10 (see People v Parnell, 221 AD3d 1437, 1438 [4th Dept 2023], lv denied 40 NY3d 1094 [2024]; People v Russell, 83 AD3d 1463, 1465 [4th Dept 2011], lv denied 17 NY3d 800 [2011]).
With respect to the allegations of ineffectiveness raised by defendant in his pro se supplemental brief, we conclude, upon viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, that defendant was afforded meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We have reviewed defendant's remaining contention in his pro se supplemental brief and conclude that it lacks merit.
Finally, we conclude, contrary to defendant's contention in his main brief, that the sentence is not unduly harsh or severe.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court