People v Howard
2026 NY Slip Op 03526
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MOUNIR L. HOWARD, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
200 KA 24-01289
Present: Lindley, J.P., Bannister, Greenwood, Nowak, And Hannah, JJ.

JOHN ROWLEY, SPENCER, FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 25, 2024. The judgment convicted defendant upon a jury verdict of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the second degree (two counts).
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). We affirm.
We reject defendant's contention that County Court denied him the right to represent himself. A defendant in a criminal case may proceed pro se if "(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17 [1974]; see People v Lewis, 44 NY3d 350, 358 [2025]; People v Williams, 203 AD3d 1571, 1571-1572 [4th Dept 2022], lv denied 38 NY3d 1075 [2022]).
Here, defendant retained counsel to represent him, but defense counsel moved for leave to withdraw from representing defendant a month prior to trial. After both defendant and defense counsel agreed in court that the relationship between them was "totally broken down," the court granted the motion. The court then addressed with defendant proceeding forward and noted that there was an allegation from the public defender's office that defendant wanted to represent himself. Defendant responded "Absolutely." In response to questioning from the court, defendant indicated that he had no legal training and then abruptly stated "[c]onversation is done." Nevertheless, the court continued speaking with defendant and advised him that it did not believe that he was capable of representing himself and that it would be a "foolish decision" to do so. Defendant responded "Okay, that's fine" and "All right" and indicated that he would look for new counsel, but did not want anyone from the public defender's office. Defendant agreed with the court's proposal to have him return to court every week to report on any progress made and to assign him an attorney if defendant did not retain counsel in one month. After one week, defendant indicated that he was reviewing a list and was getting close to a decision. After another week, defendant returned to court and, following a discussion at the bench, the court placed on the record that defendant would be represented by attorneys from the public defender's office. Defendant made no objection and never again raised the issue of proceeding pro se.
Under these circumstances, we conclude that defendant withdrew or abandoned his request to proceed pro se (see People v Battle, 200 AD3d 1712, 1715 [4th Dept 2021], lv denied 38 NY3d 1132 [2022]; People v Jordan, 157 AD3d 413, 414 [1st Dept 2018], lv denied 31 NY3d 984 [2018]). Counsel was assigned to him just two weeks after he initially remarked that he wanted to proceed pro se, and defendant was "seemingly satisfied" with that appointment [*2](People v Gillian, 8 NY3d 85, 88 [2006]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court